1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | DIANE WATSON,                          CASE NO. C09-953MJP

11 |                   Plaintiff,          ORDER ON PLAINTIFF'S MOTION
                                           FOR PARTIAL SUMMARY
12 |         v.                            JUDGMENT: BUSINESS INVITEE
                                           STATUS AND PAST MEDICAL
13 | TOYS 'R' US - DELAWARE,               DAMAGES

14 |                   Defendant.

15

16        The above-entitled Court, having received and reviewed

17        1.  Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 34)

18        2.  Defendant's Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. No.

19            40)

20        3.  Plaintiff's Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 47)

21   and all attached declarations and exhibits, makes the following ruling:

22

23

24
ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT: BUSINESS
INVITEE STATUS AND PAST MEDICAL
DAMAGES- 1

1    IT IS ORDERED that the motion is GRANTED.  The Court finds as a matter of law that:

2        1.  Plaintiff was a business invitee;

3        2.  The medical treatment provided to Plaintiff as a result of the injuries sustained at

4            the Toys R Us store in Tukwila, Washington was reasonable and necessary; and

5        3.  The medical charges for Plaintiff's medical treatment were reasonable, usual and

6            customary in the local community.[1]

7    IT IS FURTHER ORDERED that, pursuant to FRCP 37(c)(2), Defendant will be

8    assessed the costs and fees associated with Plaintiff's preparation and presentation of this

9    motion.  Plaintiff's counsel is ordered to submit a sworn declaration documenting those costs and

10   fees within 7 days of the date of this order.

11   **Background**

12       This case was originally filed in state court.  Contemporaneous with filing the complaint,

13   Plaintiff's first attorney served interrogatories on Defendant.  Among them were Requests for

14   Admissions (RFA's) asking Defendant to admit or deny that Plaintiff came to Defendant's store

15   as a paying customer and admit or deny that she did in fact purchase merchandise on the date of

16   her injury.  Defendant admitted that Plaintiff had purchased merchandise on the day she was

17   injured, but denied the RFA regarding whether she entered as a  "paying customer" on the

18   grounds that "Toys R Us. . . has no information regarding why Diane Watson came to Toys R Us

19   on April 25, 2008."  Miller Decl., Ex. A.

20       In June 2010, Plaintiff served Defendant with a second set of RFA's, including one which

21   asked Defendant to admit that Plaintiff's medical bill was reasonable and necessary and incurred

22

23

24   [1] Plaintiff sought an additional ruling that "the injuries she sustained are causally related to the incident at the Toys R Us Tukwila, Washington store" (Mtn, p. 1), but presented no evidence on that issue.

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT: BUSINESS
INVITEE STATUS AND PAST MEDICAL
DAMAGES- 2

1   for the treatment of her injuries at Defendant's store and another which asked Defendant to admit

2   that Plaintiff's medical bill was "usual and customary for medical providers in the South King

3   area." Defendant admitted the first RFA, but only partially admitted the second:

4           Toys "R" Us admits the bill is "usual and customary" as to what is charged by the
          health care provider, but denies that the bill is "usual and customary" as to what is
5           paid for that care.

6   Miller Decl., Ex. B.

7   **Discussion**

8   <u>Legal issues on summary judgment</u>

9       Plaintiff seeks an order of partial summary judgment that:

10     1.   *Plaintiff was a "business invitee" of Defendant at the time of the accident*.

11     GRANTED. Defendant stipulated to Plaintiff's status in its response. Response, p. 7.

12     2.   *The injuries Plaintiff sustained are "causally related" to the incident at Defendant's*

13         *Tukwila, Washington store.*

14       Plaintiff submitted no evidence on this issue, nor did Defendant respond to this portion of

15   Plaintiff's motion. The Court will not rule on this issue.

16     3.   *The medical treatment provided Plaintiff for the injuries sustained in the incident at*

17         *Defendant's Tukwila, Washington store was reasonable and necessary.*

18     GRANTED. Defendant does not contest this. *See* Willner Decl., Ex. G.

19     4.   *The medical charges for Plaintiff's treatment were reasonable, usual and customary*

20         *within the local community.*

21     GRANTED. Plaintiff in her opening brief asks for summary judgment that her expenses

22   ($55,508.61) are "reasonable, usual and customary" in the local community. She presents a

23

24

1   declaration from Plaintiff's treating physician that the medical expenses are "reasonable and

2   customary" within the local medical community.  Dr. Huang Decl., Ex. E.

3          Defendant's response on this issue presents several difficulties.  The first is the nature of

4   its proof.  Defendant's contrary proof consists of a declaration and "addendum report" from Dr.

5   Brigham, an orthopedic surgeon who reviewed the medical records and conducted an IME of

6   Plaintiff.  Brigham's declaration states that the bills are "'usual and customary' amounts as to

7   what is charged by the healthcare provider.  The amounts are not 'usual and customary' as to

8   what is paid for that care."  Brigham Decl., pp. 1-2.  An attached "addendum report" goes on to

9   state:

10              I have reviewed additional medical records. . . regarding Ms. Watson's physical
                therapy and billing from her various healthcare providers.  All the medical
11              treatment appears to have been necessary and all charges billed are "usual and
                customary."  However, as you well know, the charges that are billed are usually
12              not the charges that are paid since there are contracts with insurance companies
                that lower the usual and customary billing.  Id., Ex. A.

13

14         First,  Dr. Brigham's declaration ("the amounts are not 'usual and customary' as to what

15   is paid for that care") is contradicted by his addendum report ("all charges billed are 'usual and

     customary'").    It is confusing, to say the least.
16

17         Second, the declaration of Defendant's expert is completely deficient as substantive

18   proof.  The doctor's opinion, unaccompanied by a single fact concerning what is "usually and

     customarily" billed anywhere else, is insufficient to create a disputed issue of material fact.
19

20   ("There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a

21   jury to return a verdict for that party."  Anderson v. Liberty Lobby, 477 U.S. 242 (1986)).

22   Summary judgment is the stage of the proceedings where both parties are put to their proof and

     may no longer rely on unadorned allegations; Dr. Brigham's declaration is an unadorned
23
     allegation.
24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT: BUSINESS
INVITEE STATUS AND PAST MEDICAL
DAMAGES- 4

1    Finally, Defendant's argument and the proof it attempts to present on this issue also

2    highlight the legal insufficiency of its position; specifically, the collateral source rule prohibits it

3    from making the argument it wishes to use to contest Plaintiff's motion.

4    Defendant wants to argue that Plaintiff's medical expenses are not "'usual and

5    customary' as to what is paid for that [medical] care" based on the fact (as mentioned in Dr.

6    Brigham's addendum report) that the doctor only receives a portion of what is billed for the

7    treatment. Plaintiff argues in her opening brief that Defendant is precluded from making this

8    argument by the collateral source rule: evidence that the Plaintiff has received or is entitled to

9    receive benefits of any kind or character from a collateral source is inadmissible. Stone v.

10   Seattle, 64 Wn.2d 166 (1964). In its response, Defendant contends that, because there is an

11   insurance provider involved, the medical bill represents a payment to the doctor and a payment

12   to the insurance company (because the doctor only receives a portion of what is billed) and

13   therefore is not "usual and customary" for what a doctor not affiliated with a healthcare insurer

14   might charge. In response, Plaintiff protests that the collateral source rule prohibits evidence of

15   benefits received from a third party.

16   Defendant denies the applicability of the collateral source rule to its evidence, citing a

17   case which says that "[p]laintiffs in negligence cases are permitted to recover the reasonable

18   value of the medical services they receive, not the total of all bills paid." Hayes v. Wieber

19   Enterprises, Inc., 105 Wn.App. 611, 616 (2001). However, that same case holds that "[t]he fact

20   that the doctor accepted the first party insurance carrier's limit for his services does not tend to

21   prove his charge for these services was unreasonable," (Id.) and a close reading of the opinion

22   reveals that evidence of the involvement of an insurance company is not the type of evidence

23   contemplated by the state court as proof of unreasonableness. Even if Defendant's evidence

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT: BUSINESS
INVITEE STATUS AND PAST MEDICAL
DAMAGES- 5

were of a more substantive nature, <u>Hayes</u> does not support its position.   Defendant is precluded

from offering the argument it attempts to offer through its expert, and Plaintiff's evidence that

the medical charges for her treatment were reasonable, usual and customary in the local

community stands uncontradicted.

<u>Award of costs and fees</u>

       Plaintiff seeks costs and fees under FRCP 37(c), which provides that a party who fails to

admit a fact under an RFA which is later proved to be true may be assessed the costs and fees of

establishing the truth of the fact.   The Court is required to order that assessment if requested

unless the "denying party" is exempted under one or more exceptions to the rule.   The exceptions

cited by Defendant are:

       1.  Reasonable grounds to believe that it might prevail on the matter.

       2.  "Other good reason for the failure to admit"

FRCP 37(c)(2)(C) and (D).

       The Court does not find Defendant's refusals to admit supported on either ground.

Concerning the "business invitee" RFA, Defendant argues that, at the time Plaintiff first

requested an admission concerning why she entered Defendant's store prior to the accident (in an

RFA submitted at the time the complaint was first filed), it had no way of knowing her purpose

for being in the store.   That may be true, but a party has an ongoing obligation under FRCP 26(e)

to "supplement or correct its disclosure or response. . . in a timely manner."   Once Plaintiff was

deposed and Defendant had ample evidence concerning her reason for entering its store, it was

required to supplement its initial denial.   The Court does not disagree with Defendant that a

simple request to stipulate that Plaintiff was a business invitee would likely have resolved this

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT: BUSINESS
INVITEE STATUS AND PAST MEDICAL
DAMAGES- 6

1   issue, but that is not how Plaintiff chose to approach the matter and the Court will not second-

2   guess her choice when it is within the procedural framework of the federal rules.

3         Plaintiff also argues that Defendant was unreasonable in its denial of the RFA concerning

4   the "usual and customary" charges within the local community.  The Court agrees.  Defendant

5   did not have reasonable grounds to believe that it could prevail in its denial that Plaintiff's

6   expenses were "usual and customary in the local community" on the legal grounds which it cited.

7   The fact that, in the entire history of litigation over insurance-funded medical payments, the only

8   case Defendant could cite did not support its position tends to establish this as an unreasonable

9   defense.

10        Pursuant to FRCP 37(c)(2), the Court orders an award of reasonable attorney's fees and

11   costs to Plaintiff.  Counsel for Plaintiff is ordered to submit a request for those fees and costs,

12   accompanied by a sworn declaration documenting the time spent preparing for this motion,

13   within 7 days of the date of this order.

14

15        The clerk is ordered to provide copies of this order to all counsel.

16        Dated:  October _13_, 2010.

17

18

19                                      _____

20                                      Marsha J. Pechman
                                       United States District Judge

21

22

23

24